# **EXHIBIT A**

*State Court Documents*

ELECTRONICALLY FILED - 2020 May 01 12:04 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302336

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | IN THE COURT OF COMMON PLEAS |
| **COUNTY OF GREENVILLE** ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| Roderick Drennon, ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| v. ) | |
| ) Civil Action No.: | |
| Kemet Electronics Corporation and ) | |
| Phillips Staffing. ) | |
| Defendants. ) | |
| _____ ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Columbia, South Carolina

Dated: April 30, 2020.

                                                                                          s/ Sophia L. Amaker
                                                                                         Attorney for Plaintiff

Address:    Sophia L. Amaker, Esquire
                      Amaker Law Firm, LLC
                      1612 Marion Street
                      Suite 312
                      Columbia, SC 29201

ELECTRONICALLY FILED - 2020 May 01 12:04 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302336

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | IN THE COURT OF COMMON PLEAS |
| **COUNTY OF GREENVILLE** ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| Roderick Drennon ) | |
|     Plaintiff, ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| v. ) | |
| ) | Civil Action No.: |
| Kemet Electronics Corporation and ) | |
| Phillips Staffing, ) | |
|     Defendants. ) | |

Plaintiff, Roderick Drennon ("Plaintiff"), brings this action against the defendants Kemet Electronics and Phillips Staffing ("collectively Defendants").

## PARTIES

1. Plaintiff is an individual who is a citizen of the state of South Carolina and resides in Greenville County.

2. Upon information and belief, Defendant Kemet Electronics Corporation, is a corporation organized under the laws of Delaware, with its principal place of business in Fort Lauderdale, Florida and is doing substantial business in Greenville County, South Carolina.

3. Upon information and belief, Defendant Phillips Staffing, is a corporation organized under the laws of South Carolina, with its principal place of business in Greenville, South Carolina and is doing substantial business in Greenville County, South Carolina.

## JURISDICTION AND VENUE

4. This court has subject-matter jurisdiction over this civil action and the claims set forth in this Complaint.

5. This court has personal jurisdiction over the Defendants because they transact substantial business in the state of South Carolina.

6. Venue is proper under SC Code Ann. § 15-7-30 as all events and omissions giving rise to the claims occurred in this County.

## STATEMENT OF FACTS

7. Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 6 above and further alleges.

8. Plaintiff is an American citizen of African-American descent.

9. Plaintiff was employed by Kemet Electronics Corporation as a machine operator by way of Phillips Staffing.

10. Plaintiff is informed and believes that his employment with Defendants has been terminated.

11. While employed with Defendants, Plaintiff was subjected to severe and pervasive harassment and discrimination and assault and battery by Defendants' agents and employees because of his race.

12. He was further subjected to retaliation because of his complaints of discrimination, harassment, and assault and battery.

13. Several employees witnessed Defendants, by and through their agents, belittle and assault Plaintiff.

ELECTRONICALLY FILED - 2020 May 01 12:04 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302336

14. On at least one occasion, on or about January 24, 2020, the machines at Kemet Electronics were malfunctioning. Therefore, Plaintiff asked his lead technician and immediate supervisor, James Elgin, if he could take a break while the machines were being fixed. James Elgin ("Elgin") became irate and yelled at Mr. Drennon that he had already taken a break. Elgin then assaulted Mr. Drennon by aggressively pushing him and yelling "Go on break!"

15. White employees were not verbally and physically abused by their supervisors for simply asking for a break.

16. Plaintiff immediately contacted his Kemet supervisor, Dean McHaffey, to inform him of the situation. Plaintiff was not able to reach Phillips Staffing immediately. However he as able to speak with two of Phillips Staffing's agents, Greg Hood ("Mr. Hood") and Nancy Boyce ("Ms. Boyce"), later that day. He informed them of what happened with the lead technician.

17. Phillips Staffing, by and through its agents, informed Plaintiff that he would need to take two days of unpaid leave while they investigated his allegations.

18. The next day Mr. Hood called Plaintiff and asked him to report to his office where Plaintiff met with him and Ms. Boyce. Ms. Boyce informed Plaintiff they he would be moved to a new shift but was required to sign a report in order to be placed on the new shift. Plaintiff did not agree with the allegations in the report, so he asked for some time to consider before signing.

19. White employees were not transferred because of their personal relationships with team leaders of Defendants.

20. On or about January 29, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) to report the discrimination and assault by the lead technician.

ELECTRONICALLY FILED - 2020 May 01 12:04 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302336

21. On that same day, Plaintiff visited the Greenville County Sheriff's Office to file a police report against lead technician, James Elgin.

22. On or about January 30, 2020, Plaintiff returned to work, signed the required report, and wrote his statement as to what happened under his signature.

23. On or about February 20, 2020, Plaintiff stopped by Elley Wood's office to further discuss his assault claim. However, the proper person was not available.

24. On or about February 24, 2020, Plaintiff met with several individuals from Kemet Electronics and Philipps Staffing including Bill Lowe, Chief Executive Officer of Kemet, at which time he informed all parties of the discrimination and assault that he had experienced on January 24, 2020.

25. Within less than two (2) weeks of filing his Charge of Discrimination, on or about March 2, 2020, a second incident occurred in which Plaintiff was instructed to perform a job for which he felt he had not been adequately trained.

26. While trying to explain to his new supervisor, Kipp, that his co-worker Karina had not trained him for the particular station, Kipp aggressively told Plaintiff "Don't ever bring someone else in our conversation when I'm talking to you." Kipp then escorted Plaintiff to his work station to discuss what Plaintiff knew and did not know. While looking around to see if anyone else was looking, Kipp again told Plaintiff not to bring up someone else into their conversation when talking to him while simultaneously taking his five (5) fingers and forcefully digging into Plaintiff's shoulder. Plaintiff told Kipp to take his hands off of him, but Kipp put his hand on his shoulder a second time.

27. After Kipp assaulted Plaintiff, they both headed towards the Human Resources department, but Plaintiff bypassed Human Resources and went outside of the building to call 911 instead.

28. The ambulance arrived and a Kemet security officer spoke with EMS first.

29. During that time, Ms. Boyce came outside and terminated Plaintiff.

30. Soon thereafter, a police officer arrived on the scene and Plaintiff explained the two assaults that he had experienced.

31. Upon information and belief, contrary to normal policy and procedure, Plaintiff only received one reprimand (related to the January 24, 2020 incident with James Elgin) prior to being terminated on March 2, 2020.

32. Defendants created an environment which encouraged and fostered an intimidating, hostile, and abusive work environment for Plaintiff due to his race. Such conduct was ongoing, open, and notorious. The harassment, abuse and discrimination was encouraged by Defendant's refusal to stop the misbehavior.

33. Defendants subjected African-Americans to a stricter level of scrutiny than their similarly situated white co-workers. African-Americans were repeatedly reprimanded and disciplined for relatively minor mistakes. The same behavior from similarly situated white employees was largely ignored even when discovered.

34. Due to the discrimination and assault by Defendants, by and through their agents, Plaintiff has suffered mental anguish. These incidents have caused him to suffer from insomnia, anxiety, fright, and depression. He has often felt weak and has developed stomach cramps due to his anxiety and fear of further retaliation.

**FOR A FIRST CLAIM**
(RACE DISCRIMINATION IN EMPLOYMENT UNDER §1981
AND CIVIL RIGHTS ACT OF 1964)

35. Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 34 above and further alleges:

ELECTRONICALLY FILED - 2020 May 01 12:04 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302336

36. As a result of Defendants pervasive, intentional, and illegal actions committed against the Plaintiff as detailed hereinabove, Plaintiff was denied the equal enjoyment of the benefits, privileges, terms, and conditions of his contractual employment relationship with Defendants because of his race;

37. Additionally, Defendants, by and through their agents, impaired Plaintiff from receiving such equal treatment under his contract of employment;

38. Plaintiff alleges he was subjected to adverse employment actions and treated differently because of his race. Specifically, Plaintiff was subjected to severe and pervasive discriminatory conduct at the hands of the Defendants. Despite his bringing this conduct to the attention of Defendants and engaging in the protected activity of exercising his right to file a Charge of Discrimination, Defendants failed and refused to remedy the conduct. Rather, Defendants chose to engage in a pattern and practice of treating Plaintiff even more harshly in the terms and conditions of his employment;

39. These acts are contemptable in a civilized society, and a violation of 42 U.S.C. § 1981, as amended, which prohibits race discrimination in any contract, including employment in America, including Defendant and retaliation for protected speech based thereupon;

40. Plaintiff received a Notice of Right to Sue (see attached) from the Equal Employment Opportunity Commission, and Plaintiff has timely brought this suit;

41. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered wage loss, benefit loss and future wages and benefits, been degraded, his self-esteem has been diminished, he has suffered and will continue to suffer shame and humiliation, loss of enjoyment of life and other actual harm to be shown to the triers of fact;

42. Accordingly, Plaintiff requests this Court award him actual damages, compensatory damages, back pay, an Order directing Defendants to discontinue their racially discriminatory practices, and any such other and further relief deemed appropriate by this Court;

43. Further, Plaintiff contends the actions by the Defendants were willful, intentional and/or in flagrant disregard of the law and, therefore, he is entitled to punitive damages to the fullest extent of the law under Title VII and §1981, litigation costs and attorney's fees pursuant to 42 U.S.C. §1988, and other such other and further relief available as a result of this intentional conduct.

**FOR A SECOND CLAIM**
(RETALIATION FOR PROTECTED ACTIVITY UNDER §1981
AND CIVIL RITHS ACT OF 1964)

44. Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 43 above and further alleges;

45. Plaintiff complained of the unfair treatment he received because of his race in violation of 42 U.S.C. §1981, and Defendant retaliated against Plaintiff by retroactively disciplining him, harassing him over reporting the discriminatory treatment, transferring him to a new area for which he was not properly trained, and ultimately firing him.

46. Defendant's actions against Plaintiff were due to him engaging in protected speech regarding the discrimination he had suffered was in violation of the rights guaranteed to him under 42 U.S.C 1981, as amended, and the Civil Rights Act of 1964;

47. Plaintiff has timely brought this lawsuit;

48. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered actual harm, including lost wages and benefits, lost future wages and benefits embarrassment, loss of promotion, and decreased work hours;

ELECTRONICALLY FILED - 2020 May 01 12:04 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302336

ELECTRONICALLY FILED - 2020 May 01 12:04 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302336

49. Accordingly, Plaintiff requests this Court award him actual damages, compensatory damages, back pay, front pay, equitable relief as available, an any such other and further relief deemed appropriate by this Court;

50. Further, the actions by Defendants were willful, intentional and/or in flagrant disregard of law and, therefore, Plaintiff alleges he is entitled to punitive damages, litigation costs and attorney's fees as a result of the above intentional conduct;

## FOR A THIRD CLAIM
(ASSAULT)

51. Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 50 above and further alleges:

52. Defendants intentionally threated to inflict injury on Plaintiff by yelling and pushing him on one occasion and yelling and digging fingers into Plaintiff's shoulder on another occasion.

53. Defendants had an apparent ability to cause harm to Plaintiff.

54.  Defendant's actions created a reasonable apprehension of imminent bodily harm in the Plaintiff.

55. As a direct and proximate result of Defendant's actions, including threat of imminent bodily harm, Plaintiff suffered from mental anguish, anxiety, and fear.

56. Accordingly, Plaintiff requests this Court award him actual damages, compensatory damages, back pay, front pay, equitable relief as available, an any such other and further relief deemed appropriate by this Court;

57. Further, the actions by Defendants were willful, intentional and/or in flagrant disregard of law and, therefore, Plaintiff alleges he is entitled to punitive damages, litigation costs and attorney's fees as a result of the above intentional conduct;

ELECTRONICALLY FILED - 2020 May 01 12:04 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302336

## FOR A FOURTH CLAIM
(BATTERY)

58. Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 57 above and further alleges:

59. Defendants' agents intentionally applied force to Plaintiff's body by one agent pushing him on one occasion and another agent digging his fingers into Plaintiff's shoulder on another occasion.

60. Defendants' physical touching of Plaintiff's body was harmful and offensive.

61. Defendants' physical touching of Plaintiff's body was unwelcomed and without consent.

62. Defendants' intentional and immediate physical touching of Plaintiff was a traumatic experience for Plaintiff causing him physical and mental pain, anxiety, and fear.

63. Accordingly, Plaintiff requests this Court award him actual damages, compensatory damages, back pay, front pay, equitable relief as available, an any such other and further relief deemed appropriate by this Court;

64. Further, the actions by Defendants were willful, intentional and/or in flagrant disregard of law and, therefore, Plaintiff alleges he is entitled to punitive damages, litigation costs and attorney's fees as a result of the above intentional conduct;

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, having fully set forth his claims, Plaintiff prays for relief as follows:

ELECTRONICALLY FILED - 2020 May 01 12:04 AM - GREENVILLE - COMMON PLEAS - CASE#2020CP2302336

1) Actual and compensatory damages and consequential damages as may be awarded by a jury, for all damages naturally flowing from the Defendant's unlawful acts;

2) Punitive damages as may be awarded by a jury to deter Defendants from further similar unlawful acts and conduct as suffered by the Plaintiff;

3) Attorney's fees and costs, including expert fees and all other costs, incurred by the Plaintiff in the bringing of this action; and

4) Such other and further relief as this Court, and a jury of Plaintiff's peers, deems just and proper.

Respectfully submitted,

s/ Sophia L. Amaker
Sophia L. Amaker
SC Bar # 78632
Amaker Law Firm, LLC
1612 Marion Street, Suite 312
Columbia, SC 29201
(803) 419-7700 (Office)
(888) 660-1938 (E-fax)

Attorney for Plaintiff

This 30th day of April 2020.
Columbia, South Carolina.